UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 07-224 |
| DAVID TURNER | SECTION: R |

**ORDER AND REASONS**

Before the Court is David Turner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (R. Doc. 55). For the following reasons, the motion is DISMISSED.

**I. Background**

In June of 2007, David Turner was indicted on one count of knowingly and intentionally possessing with the intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). R. Doc. 3. Under 21 U.S.C. § 841(b)(1)(B), a count of conviction on possession with intent to distribute five grams or more of cocaine base, absent death or serious bodily injury resulting from the use of the substance, leads to a statutory sentence of imprisonment of not less than five years nor more than forty years. If, however, "any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10

years."  21 U.S.C. § 841(b)(1)(B).

On September 18, 2007, one day before Turner's rearraignment, the government filed into the record a bill of information to establish a prior state-court felony conviction for possession of cocaine in violation of Louisiana Revised Statute § 40:967(c)(2).  R. Doc. 19.  Turner pleaded guilty to the count in the indictment the next day.  During this rearraignment, Turner indicated that he understood his rights, the consequences of his plea, and the effect of the establishment of a prior conviction, and he also indicated that he was satisfied with the performance of his counsel.  Rearr. Hr'g Tr. 5-11, Sept. 19, 2007.  On February 20, 2008, however, during his first sentencing hearing, Turner's counsel indicated that he had not been provided with support of the prior conviction.  He indicated that there was a dispute during the rearraignment which led Turner to sign the factual basis but not the plea agreement, and that he assumed that the government would eventually provide support for the underlying conviction but it had not.  First Sent. Hr'g Tr. 2-3, Feb. 20, 2008.

At the second sentencing hearing, Turner's counsel stated that he "did not have any basis to contest that [Turner] was previously convicted" and that the government's "information seems to be correct with respect to that."  Second Sent. Hr'g Tr. 2, Mar. 5, 2008.  He indicated, however, that Turner wanted to

withdraw his plea. *Id.* Turner asserted at the hearing that he was innocent of the crime and that he pleaded guilty because he did not realize he was pleading guilty to the charge, and that he agreed to plead to a range of five to forty years but not more. Once he learned that the applicable range had shifted upward as a result of the mandatory minimum, Turner explained, he indicated to his counsel that he would not plead guilty. *Id.* at 4-6. The Court deferred ruling on his request to withdraw until it had had a chance to examine the relevant law. Turner's counsel also brought up a potential error in the presentence investigation report, but noted that it was "of no consequence" because the guideline range already fell below the mandatory minimum of 120 months. *Id.* at 3-4.

The Court denied Turner's motion to withdraw his guilty plea, in part because the transcript from the plea colloquy indicated that Turner understood all aspects of the proceeding, had had sufficient time to discuss with his counsel, and pleaded guilty knowingly and voluntarily. R. Doc. 39 at 6-8. On March 19, 2008, the Court sentenced Turner to the mandatory minimum of 120 months for the offense charged. Third Sent. Hr'g Tr. 7, Mar. 19, 2008. Turner appealed his sentence to the Fifth Circuit, where his appeal was dismissed as frivolous. R. Doc. 54. He now brings a motion to vacate his sentence under 28 U.S.C. § 2255.

**II. Legal Standard**

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of habeas corpus, *see* 28 U.S.C. §§ 2241, 2254, only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). As with the writ of habeas corpus, there are a number of pragmatic limitations on the district court's authority to grant relief under section 2255. *See generally* 7 WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE § 28.9(b) (3d ed. 2007) (discussing custody requirement, procedural default, non-retroactivity, exhaustion of direct appeals, statute of limitations, successive

4

petitions, and waiver).

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. RULES GOVERNING SECTION 2255 PROCEEDINGS, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th

Cir. 1998)); *see also United States v. Cavitt*, 550 F.3d 430, 441-42 (5th Cir. 2008).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke*, 350 F.3d 461, 472 (5th Cir. 2003). For other "trial" errors, the court may only grant relief if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* harmless error standard in a section 2255 proceeding); *United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) (same). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). This provision has been interpreted to grant the district courts "broad and flexible power ... to fashion an appropriate remedy." *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir. 2008); *see also Andrews v. United States*, 373 U.S. 334, 339 (1963); *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000).

## III. Discussion

*A. Violation of Plea Agreement*

First, Turner contends that his sentence violated his plea agreement. He contends that he was promised a sentence of eighty-four months.[1] R. Doc. 1 at 6. It is not clear to whom this challenge is directed; he states at one point that the alleged violation of the plea agreement is part of his ineffective-assistance-of-counsel claim, but elsewhere he contends that the government breached the agreement and "manipulated the guidelines." R. Doc. 55, Br. at 3-5.

Turner, however, did not have a plea agreement at all. As noted, he pleaded guilty on September 19, 2007. No mention of a plea agreement appears in the transcript of the hearing. *See* Rearr. Hr'g Tr. 1-13, Sept. 19, 2007. At the first sentencing hearing, Turner's counsel indicated that Turner had not signed any plea agreement because of the controversy regarding the underlying conviction. First Sent. Hr'g Tr. 3, Feb. 20, 2008 (statement of Turner's counsel that "[w]e did not sign the plea agreement because there was some information relating to the multiple bill and we objected to that at that time, so [the prosecutor] was put on notice that we would not agree to that"). No plea agreement was discussed at the second or third sentencing

---

[1] Elsewhere in the habeas petition he states that the promise made to him was for seventy months. R. Doc. 1 at 14.

7

hearings, either.  In fact, by that time Turner was attempting to withdraw his earlier plea.  Second Sent. Hr'g Tr. 2, Mar. 5, 2008; Third Sent. Hr'g Tr. 2-3, Feb. 19, 2008.  The only copy of any plea agreement in the record is a hard copy submitted to the Court before the rearraignment, and it is unsigned.  The face of the record therefore discloses that Turner had no plea agreement that might have been violated.

Furthermore, even if Turner had entered into a plea agreement as he describes, the Court would have been bound to reject it.  Because Turner had a prior felony drug conviction, the mandatory minimum for his federal offense was ten years.  21 U.S.C. § 841(b)(1)(B).  There is no suggestion in this matter that a basis exists for imposing a sentence below the statutory minimum, such as Turner's providing substantial assistance to the government or eligibility for the "safety valve" sentencing category.  *See* 18 U.S.C. § 3553(e)-(f); *see also United States v. Krumnow*, 476 F.3d 294, 297 (5th Cir. 2007) (noting that these are the only two grounds for a sentence below the statutory minimum).  The Court would therefore have been statutorily precluded from imposing upon Turner the sentence he contends he was promised.

Furthermore, Turner, while speaking under oath, *see* Rearr. Hr'g Tr. 3, Sept. 19, 2007 (statement of David Turner indicating understanding that he was under oath), made clear that he understood this during his rearraignment:

**THE COURT**: Mr. Turner, ordinarily the crime to which you are pleading guilty is subject to a mandatory minimum sentence of five years and a maximum of 40 years, with a term following imprisonment of supervised release for four years. The government has filed a bill of information under 21 U.S.C. §851 to charge that you have a prior felony drug conviction. *If the Court finds that there was such a conviction, the charge against you carries a mandatory minimum sentence of ten years . . . .*

. . .

**THE COURT:** Has your lawyer explained the mandatory minimum sentences that are involved here?

**THE DEFENDANT:** Yes, ma'am.

**THE COURT:** Has he explained to you the effect of when the government files that bill of information concerning a prior felony drug conviction?

**THE DEFENDANT:** Yes, ma'am.

. . .

**THE COURT:** Do you understand that I can impose the maximum sentence that I just described to you *and I will be required to impose any applicable mandatory minimum sentence*?

**THE DEFENDANT:** Yes, ma'am.

**THE COURT:** Do you understand that when a mandatory minimum applies that the Court has to impose the mandatory minimum even if the guideline range comes in below the mandatory minimum?

**THE DEFENDANT:** Yes, ma'am.

**THE COURT:** Do you understand that's how it works?

**THE DEFENDANT:** Yes, ma'am.

. . .

**THE COURT:** Are you pleading guilty because of any

>    promises or threats made to you by anybody?
>
>    **THE DEFENDANT:** No, ma'am.
>
>    **THE COURT:** Has anyone, including your lawyer, told you what sentence I will impose other than to explain the mandatory minimum and to give you an estimate of the sentencing guidelines?
>
>    **THE DEFENDANT:** No, ma'am.

Rearr. Hr'g Tr. 5-7, Sept. 19, 2007 (emphases added). Neither Turner nor his counsel made any objection to at the rearraignment. This contention is meritless.

*B. Ineffective Assistance of Counsel*

Turner next contends that he received ineffective assistance of counsel. To establish an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was constitutionally deficient and that he suffered prejudice as a result of the deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). The petitioner must establish both the "deficiency" and the "prejudice" prongs of the *Strickland* test. If the Court finds that he has made an insufficient showing as to either prong, it may dispose of the claim without addressing the other prong. *See id.* at 697; *see also United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999). It does not matter for Sixth-Amendment purposes whether counsel was retained or appointed. *See Cuyler v. Sullivan*, 446 U.S. 335, 344-45 (1980).

With respect to the "deficiency" prong, the Fifth Circuit has held that trial counsel's performance must be judged against "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). It would be impossible to summarize the many ways in which an attorney's performance might be constitutionally deficient, but the Fifth Circuit had laid out certain guiding principles. Counsel's basic duty is to "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000)). "Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention," *id.*, but a "conscious and informed decision on trial tactics and strategy" will not be considered deficient unless it is "so ill chosen that it permeated the entire trial with obvious unfairness." *Green*, 116 F.3d at 1122 (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983) (on rehearing)); *see also Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). In evaluating counsel's performance, the district court should make every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial. *See Jones v. Jones*, 163 F.3d 285, 300-01 (5th Cir. 1998) (quoting *Pitts v. Anderson*,

122 F.3d 275, 279 (5th Cir. 1997).

With respect to the "prejudice" prong, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* In cases involving counsel's performance at the sentencing stage, the Supreme Court and the Fifth Circuit have emphasized that *Strickland* prejudice exists whenever there is a reasonable probability that, but for counsel's errors, the defendant's term of actual imprisonment would have differed in "any amount." *Conley*, 349 F.3d at 842 (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

Specifically, Turner argues that his counsel was deficient in nine respects. He lists his counsel's deficiencies thusly:

1. Failed to properly investigat[e] the case
2. Failed to disclos[e] PSR timely
3. Failed to object to the presentence report
4. Failed to provide petitioner with a copy of the 21 USC 851 enhancement
5. Failed to preserve the issues for appeal
6. Failed to challenge the prior convictions under 21 USC 851(b)
7. Failed to object during plea hearing
8. Failed to argue at sentencing
9. Violation of plea agreement/stipulation to 84 months

R. Doc. 1 at 5. The bulk of these allegations are broad, conclusory statements unsupported by evidence or specific facts

12

that do not provide the Court with any means of determining whether his counsel's performance was deficient in any way, or whether any deficiency would have resulted in prejudice. Naked statements of ineffective assistance are insufficient to meet the *Strickland* standard. *See, e.g., United States v. Porter*, Crim. Act. No. 01-282, 2007 WL 4348953, at *3 (E.D. La. Dec. 7, 2007); *United States v. Jenkins*, Crim. Act. No. 03-168, 2006 WL 3533074, at *2 (E.D. La. Dec. 7, 2006); *see also Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).

In addition, several of his contentions are patently frivolous. For example, Turner's counsel could not possibly have been deficient for any violation of a plea agreement because, as discussed above, Turner did not have a plea agreement. Furthermore, it is not correct to state that Turner's counsel failed to object to the presentence investigation report. In fact, he brought the Court's attention to a potential error in the report, but ultimately indicated that it would not relieve his client from imposition of the mandatory minimum sentence. Second Sent. Hr'g Tr. 3-4, Mar. 5, 2008. An attorney is not ineffective when he fails to raise a meritless argument. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). Turner does not even identify the basis for any objection.

The Fifth Circuit has also held that, when a defendant finds fault with his client's failure to investigate his case properly,

he must "allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Goodley*, 183 Fed. App'x 419, 422-23 (5th Cir. 2006) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)); *see also Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998). This Turner has not done.

The only claims Turner makes with any specificity are that his counsel failed to timely disclose, presumably to Turner, the presentence investigation report and that he failed to provide Turner with a copy of the prior-conviction enhancement. Again, Turner has made no attempt to explain why such failures, if true, might have resulted in prejudice under *Strickland*. With respect to the disclosure of the presentence investigation report, Turner acknowledges that he received it eventually, and there is no indication whatsoever that he had insufficient time to review it. At the second aborted sentencing hearing that took place on March 5, 2008, Turner's counsel noted that before the hearing Turner pointed out a possible error in the report. Second Sent. Hr'g Tr. 2-3, Mar. 5, 2008. This same error was brought up two weeks later at the third sentencing hearing, Third Sent. Hr'g Tr. 3-4, Mar. 19, 2008, though counsel conceded that the error still would not have affected the mandatory minimum. Furthermore, Turner stated at this hearing that he had received and read the report:

> **THE COURT:** Has the defendant received a copy of the presentence investigation report?

>    **MR. CHANEY:** Yes, Your Honor.
>
>    **THE DEFENDANT:** Yes.
>
>    **THE COURT:** Have you had an opportunity to read it?
>
>    **THE DEFENDANT:** Yes.

*Id.* at 3. The record discloses, therefore, that on March 5, Turner had read the report carefully enough to notice an error, and he stated in open court at his sentencing two weeks later that he had received and read the report. Even if his counsel's disclosure of the report was untimely, it is abundantly clear from the record that Turner had ample time to read and review the report. The Court finds that Turner cannot establish prejudice from this claim.

Finally, Turner cannot establish prejudice even if his counsel failed to provide him a copy of the prior-conviction enhancement. He pleaded guilty and acknowledged that he knew and understood that the government would file a Bill of Information to establish a prior conviction, and he stated that he knew that the mandatory minimum of ten years would be imposed. Rearr. Hr'g Tr. 2-7, Sept. 19, 2007. Furthermore, Turner admitted the prior conviction during sentencing:

>    **THE COURT:** Mr. Turner, you were found guilty of one
>    count of possession with the intent to distribute 5
>    grams or more of cocaine base. Additionally, the
>    government filed a bill of information to establish
>    your prior conviction pursuant to 21 U.S.C. §851(a) and
>    §841 on the basis of your 2002 conviction for
>    possession of a controlled and dangerous substance,

15

>cocaine.  *Do you admit this prior conviction?*
>
>**THE DEFENDANT:** *Yes.*
>
>**THE COURT:** I'm sorry.  I didn't hear you.
>
>**THE DEFENDANT:** *Yes.*
>
>**THE COURT:** I want to advise you that any challenge to this prior conviction that was not made before sentencing cannot be raised thereafter to attack the sentence.  *Do you understand that?*
>
>**THE DEFENDANT:** *Yes.*

Third Sent. Hr'g Tr. 4-5, Mar. 19, 2008 (emphasis added).  In addition, as stated previously, Turner's counsel commented after receiving the prior-conviction information from the government that he didn't "have any basis to contest that he was previously convicted . . . The information seems to be correct with respect to that."  Second Sent. Hr'g Tr. 2, Mar. 5, 2008.  With this in mind, Turner has not identified any prejudice that could have resulted from any alleged failure of his counsel to provide the information.

Furthermore, as stated above, no evidentiary hearing is required under § 2255 when a the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *Edwards*, 442 F.3d at 264.  Turner has provided nothing that might be considered an independent basis for believing that his contentions are meritorious.  In sum, it plainly appears from the motion and the record of the prior proceeding that Turner is not

entitled to relief on either of his two claims of error.  His motion is therefore DENIED.

*C. Certificate of Appealability*

The Rules Governing Section 2255 Proceedings were amended in 2009, and Rule 11 now provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 11(a).  A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"  537 U.S. at 336.  With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether

17

the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Turner's motion does not satisfy these standards. He claims that his sentence violated his plea agreement, but Turner never entered into a plea agreement with the government. Furthermore, his vague and conclusory statements of his counsel's ineffectiveness, with no independent indicia of merit and no explanation as to why prejudice might have resulted, do not amount to a substantial showing that his constitutional rights were compromised, nor would it engender any type of debate among reasonable jurists.

**IV. Conclusion**

For the foregoing reasons, Turner's motion under § 2255 is DISMISSED. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this \_\_22nd\_\_ day of March, 2010.

*Sarah Vance*
**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**