UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>VERSUS<br>David Turner | *<br><br>* | CRIMINAL DOCKET<br>CASE NO. 07-224<br>USM NO. 29438-034 |

Date of Previous Judgment: 5/15/19        Defendant's Attorney: Jessica Mullaly

## ORDER FOR SENTENCE REDUCTION
## PURSUANT TO SECTION 404 OF THE FIRST STEP ACT OF 2018

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the Court for a reduction in the term of imprisonment imposed based on the modification of statutory penalties by sections 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the defendant's offense was committed:  Having considered such motion, and taking into account Section 404 of the First Step Act of 2018, to the extent it is applicable, and the sentencing factors from Title 18 USC 3553(a),

**IT IS ORDERED** that the motion is:

☒ GRANTED and the defendant's previously imposed sentence of imprisonment of

_57 months_ is reduced to _36 months_.

☐ DEFERRED pending supplemental briefing and/or a hearing.

☐ DENIED after complete review of the motion on the merits.

**COURT DETERMINATIONS OF SENTENCING PURSUANT TO FIRST STEP ACT OF 2018**

Prior Statutory Minimum: N/A                 Amended Statutory Minimum: N/A
Prior Guideline Range: 47 to 57 months       Amended Guideline Range: 30 to 36 months
Prior Sentence: 57 Months                    Amended Sentence: 36 Months
Prior Supervised Release: N/A                Amended Supervised Release: N/A

Comments (if applicable):
See attached Order and Reasons.

Except as provided above, all provisions of the judgment dated _5/15/19_ shall remain in effect. The reduced sentence shall be effective **10 days** following the date of this order indicated below.

**IT IS SO ORDERED.**

5-26-2020                                    _/s/ Sarah Vance_
ORDER DATE                                   UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                         NO. 07-224

DAVID TURNER                              SECTION "R" (5)


## ORDER AND REASONS

Before the Court is defendant David Turner's motion to reduce his sentence pursuant to the First Step Act.[1] The motion is unopposed.[2] Because defendant's statutory minimum is lower than it was at the time of sentencing, the Court grants the motion.

In 2007, this Court sentenced Turner to ten years' imprisonment for possession with intent to distribute five grams or more of cocaine base.[3] Defendant had previously been sentenced to three years' imprisonment by a Louisiana state court for possession of cocaine.[4] Because Turner had a prior conviction, he was subject to a statutory minimum of ten years' imprisonment and a statutory maximum of life imprisonment. *See* 21 U.S.C.

---

[1]  R. Doc. 101.
[2]  R. Doc. 102 at 1 (sealed).
[3]  *See* R. Doc. 42.
[4]  R. Doc. 19.

§ 841(b)(1)(B). And because defendant's statutory maximum was life imprisonment, he was convicted of a Class A felony. *See* 18 U.S.C. § 3559(a)(1) (classifying offense subject to a maximum penalty of life imprisonment as a Class A felony). Defendant's sentence also included eight years' supervised release.[5] Defendant began his supervised release on July 12, 2016.[6]

On June 29, 2017, defendant was named in an indictment for conspiracy to distribute and possess five kilograms of cocaine.[7] This Court therefore revoked defendant's supervised release, and sentenced him to fifty-seven months' imprisonment.[8] Because defendant's underlying conviction was a Class A felony, he was subject to a guideline range of forty-seven to fifty-seven months' imprisonment, with a statutory maximum of sixty months' imprisonment. *See* USSG § 7B1.4 (revocation table); 18 U.S.C. § 3583(e)(3) (stating that on revocation for a Class A felony, a defendant shall not serve more than five years in prison).

---

[5]   *See* R. Doc. 42 at 3.
[6]   *See* R. Doc. 96 at 1.
[7]   *See id.* Defendant was separately sentenced to sixty months' imprisonment for this offense, running consecutively with his sentence of imprisonment for revocation of his supervised release. *See* Case. No. 17-CR-55, R. Doc. 285.
[8]   R. Doc. 99.

Defendant has moved under the First Step Act to reduce the sentence imposed by this Court's revocation of his supervised release. Court have held that the First Step Act's provisions apply to revocations of supervised release. *See United States v. Venable*, 943 F.3d 187, 192-94 (4th Cir. 2019); *United States v. Woods*, 949 F.3d 934, 937 (6th Cir. 2020).

Here, defendant was originally sentenced to a Class A felony, as his statutory maximum was life in prison. *See* 18 U.S.C. § 3559(a)(1). But the First Step Act makes certain portions of the Fair Sentencing Act retroactive. *See* Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). In particular, it increased the quantity of crack cocaine that triggered mandatory minimum penalties and eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine. *See* Pub. L. No. 111-220 §§ 2-3, 124 Stat. 2372, 2372 (2010). Under the Fair Sentencing Act, defendant would not have been subject to a statutory maximum of life imprisonment, but rather thirty years in prison. *See* 18 U.S.C. § 841(b)(1)(C) (stating that for a conviction for possession of a controlled substance in Schedule II with a prior conviction, the maximum penalty is thirty years' imprisonment). Offenses with a maximum sentence of 25 years' imprisonment or more, but less than life in prison, are classified as Class B felonies. *See* 18 U.S.C. § 3559(a)(2). And because the underlying offense would be a Class B offense, rather than a

3

Class A offense, defendant's guideline range would have been 30-37 months' imprisonment, *see* USSG § 7B1.4, and his statutory maximum would have been 36 months' imprisonment. *See* 18 U.S.C. § 3583(e)(3).

Because defendant's revised statutory maximum would have been thirty-six months' imprisonment, as opposed to the fifty-seven months' imprisonment he was otherwise subject to, the Court finds that a reduction in defendant's sentence is appropriate in this case. Therefore, in consideration of the advisory guidelines and the factors set forth in 18 U.S.C. § 3553(a), the Court imposes a sentence of thirty-six months.

For the foregoing reasons, defendant's motion for a reduction in his sentence pursuant to the First Step Act is GRANTED.

New Orleans, Louisiana, this __26th__ day of May, 2020.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE